# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS CHACON-ARVIZO,<br><br>    Petitioner,<br><br>    v.<br><br>STEVE LANGFORD, Warden,<br><br>    Defendants. | Case No. CV 16-1338 R (MRW)<br><br>**ORDER DISMISSING ACTION** |

The Court grants the government's unopposed motion to dismiss this federal habeas action as moot and for failure to prosecute.

\* \* \*

Petitioner is a federal prisoner at FCI Lompoc. He filed a habeas action (28 U.S.C. § 2241) challenging the calculation of the federal Bureau of Prisons (BOP) regarding his credits for time spent in custody. (Docket # 1.) After screening the petition, the Court (Magistrate Judge Wilner) directed the government to respond to the petition. (Docket # 3.)

The government moved to dismiss the action as moot. (Docket # 5.) The government explained that, after Petitioner filed this action, "the BOP re-examined

its determination regarding the award of pre-sentence custody credit to Petitioner." (Id. at 3.) The BOP determined that Petitioner was now entitled to a considerable amount of credit (from mid-2012 through early 2014, and modified the start date of additional federal time in custody) that advanced his release date to October 2016. The government argued that Petitioner received the relief (that is, the custody credits) that he requested in the petition. On that basis, the government contended that Petitioner's action was moot and should be dismissed. (Id. at 5-6.)

The Court issued an order summarizing the government's motion for Petitioner's benefit. (Docket # 6.) The Court further required Petitioner to respond to the government's motion or voluntarily request the dismissal of the action by April 22. Judge Wilner specifically informed Petitioner that the action could be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute the case. (Id.) However, Petitioner failed to file a timely response.

\* \* \*

1. Local Rule of Court 7-12 states that, after a party files a motion with the Court, the failure to file a required response "may be deemed consent to the granting [ ] of the motion." That rule applies to the present dismissal motion. The government plausibly established that Petitioner received the relief that he requested in the habeas action when the BOP revisited its calculation of Petitioner's pre-sentence credits. He received what he asked for in the habeas action, rendering the case moot. Petitioner's failure to respond to the dismissal motion signifies his consent to the dismissal of the action.

2. Dismissal is also proper under Rule 41(b). Rule 41(b) provides that if a litigant "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance

the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992) (analyzing factors supporting dismissal of Section 1983 actions).

Petitioner's failure to prosecute this action warrants dismissal under Rule 41(b). Petitioner failed to respond to the government's dismissal motion and the Court's order requiring him to do so. (Docket # 5, 6.) The public, the Court, and the government have a significant interest in the resolution of this case. Petitioner, by contrast, has demonstrated a lack of interest in pursuing the action to a decision on the merits, particularly now that he's received the prison credit that he sought. Moreover, given Petitioner's failure to respond to the Court's order, there are no "less drastic sanctions" available to the Court other than a dismissal of the action. Omstead, 594 F.3d at 1084. Rule 41 therefore provides an additional basis for dismissing the action.

\* \* \*

Petitioner's case is moot, and he appears to have abandoned the action. Accordingly, for the above reasons, this action is DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: May 25, 2016          _____
                             HON. MANUEL L. REAL
                             UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE